

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

2007 NOV 30 P 4: 37

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

MICAH JOHNSON, DEION OLTHOFF, §
MICHAEL SULLIVAN, JOHN ROUSSIN, §
MALCOLM JESSAMY, MICHAEL §
MATHIS, and RICHARD BRADSHAW §
§
           Plaintiffs §
§
§ **SA07CA0983 FB**
§
§ CIVIL ACTION NO._____
vs. §                            JURY
§
THE GEO GROUP, INC. §
§
           Defendant. §

## PLAINTIFFS' ORIGINAL COMPLAINT

Come now Plaintiffs, Micah Johnson, Deion Olthoff, Michael Sullivan, John Roussin, Malcolm Jessamy, Michael Mathis, and Richard Bradshaw complaining of The Geo Group, Inc., respectfully showing the Court as follows:

### I.
### PARTIES

1.1    Plaintiff Micah Johnson is an individual citizen of Texas residing in Fort Worth, Tarrant County, Texas.

1.2    Plaintiff Deion Olthoff is an individual citizen of Texas residing in Granbury, Hood County, Texas.

1.3    Plaintiff Michael Sullivan is an individual citizen of Texas residing in Euless, Tarrant County, Texas.

1.4    Plaintiff John Roussin is an individual citizen of Texas residing in Watauga, Tarrant County, Texas.

1.5     Plaintiff Malcolm Jessamy is an individual citizen of Texas residing in Big Spring, Howard County, Texas.

1.6     Plaintiff Richard Bradshaw is an individual citizen of Texas residing in Comanche, Comanche County, Texas.

1.7     Defendant The GEO Group, Inc. (referred to herein as "GEO"), is a corporation incorporated in Florida with its principal place of business in Boca Raton, Florida, but does business in Texas and has one of its three regional offices with decision makers located in New Braunfels, Comal County, Texas.  Defendant can be served with service of process through its registered agent for service, Prentice Hall Corporation Systems, 701 Brazos St., Suite 1050, Austin, Texas 78701.

## II.
### JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because it is an action arising under the Constitution and laws of the United States, including 42 U.S.C. §1983.

2.2     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action, which has a controversy in excess of $75,000, is between citizens of different states.

2.3     This Court has personal jurisdiction over the Defendant GEO, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over it is proper.

2.4     This is a proper venue, pursuant to 28 U.S.C. §1391(a) and (c), because it is a district in which Defendant GEO resides.

## III.
## GENERAL ALLEGATIONS OF FACT

3.1    At all times pertinent to this action, Defendant GEO operated, managed, staffed, and controlled, through a contract with the State of Texas, the Coke County Juvenile Justice Center in Bronte, Texas (the Coke County Facility).

3.2    In or around August, 2006, Defendant GEO received an application for employment from David Andrew Lewis.  GEO by and through its policymakers, agents, and/or employees interviewed and then hired David Andrew Lewis in the capacity of a Juvenile Corrections Officer.

3.3    Based upon information and belief, David Andrew Lewis gave actual notice to the agents and/or employees of Defendant GEO, prior to the time he was hired, that he was a registered sex offender in the State of Texas.  [Attached as Exhibit A, is a copy of the Texas Department of Public Safety Sex Offender Registry website featuring David Andrew Lewis]  Further, the Texas Department of Public Safety Sex Offender Registry website, which provides textual and pictorial information on all registered sex offenders in the State of Texas, has maintained a section featuring David Andrew Lewis, his address, offense, and annual photograph since 2001, well before his interview and ultimate hire by Defendant GEO.

3.4    Despite Defendant GEO's actual and/or constructive notice of David Andrew Lewis's status as a registered sex offender, Defendant GEO, its policymakers, agents, and/or employees hired sexual offender David Andrew Lewis as a Juvenile Corrections Officer to guide, watch over, supervise, and correct youths who had been committed to the care of the Texas Youth Commission's Coke County Facility for guidance and rehabilitation.

3.5    All Plaintiffs were adjudged juvenile delinquents by courts of competent

jurisdiction in the State of Texas.  All Plaintiffs were committed as juveniles to the Coke County Facility between August 1, 2006 and March 15, 2007.

3.6    During their periods of commitment, each Plaintiff was subjected to psychological, physical, and/or sexual abuse by David Anthony Lewis, a Juvenile Corrections Officer, at the Coke County Facility.  At all times material to Plaintiffs' allegations herein, David Anthony Lewis was acting within the course and scope of his capacity as an agent, representative and/or employee of Defendant GEO.

3.7    The resulting nightmare endured by all Plaintiffs committed to the supervision of registered sex offender, Juvenile Corrections Officer Lewis was predictable, as they all suffered either unspeakable physical, sexual, and/or emotional abuse at his hand and from the blind and errant eyes of his supervisors, managers and employer, Defendant GEO.

3.8    In addition to its conduct in hiring, training, supervising, and retaining a registered sex offender as a Juvenile Corrections Officer, which directly resulted in deprivations of Plaintiffs' constitutional rights, Defendant GEO also implemented a policy of mandating additional periods of incarceration of Plaintiffs, without due process or judicial hearing, and for unproven, petty allegations of the employees and/or agents of Defendant GEO.  Defendant GEO is paid by the State of Texas a per diem for each inmate committed by the State of Texas to the Coke County Facility that it operates and manages.  Although the Plaintiffs were placed in the care of the Texas Youth Commission for determinate periods of time, Defendants GEO had a policy of adding time to the original judicially ordered sentence.  This added time of incarceration was adjudged by the employees and/or agents for GEO, without due process.  Defendants GEO not only violated the Plaintiffs' rights of due process in the manner it implemented this policy, but also deprived Plaintiffs of their rights to be free

from incarceration because the added time of incarceration was implemented in a manner that unfounded, unproven, or petty allegations resulted in additional incarceration time for Plaintiffs and additional per diem fees for GEO.

## CLAIMS FOR RELIEF

### IV.
### NEGLIGENCE

4.1    In support of the claims of negligence, Plaintiffs adopt by reference all factual allegations and statements made in Section III, above.

4.2    GEO committed acts of omission and commission, collectively and severally constituting negligence, which were a proximate cause of the injuries and damages of Plaintiffs.

4.3    GEO's acts of negligence that proximately caused the injuries and damages of Plaintiffs include vicarious liability under the doctrine of *respondeat superior* for the negligent conduct of its employee, David Anthony Lewis, committed in the course and scope of his employment for GEO, during which he failed to act as a reasonably prudent juvenile corrections officer would under the same or similar circumstances, which was a proximate cause of the injuries and damages of Plaintiffs.

4.4    GEO's acts of negligence that proximately caused the injuries and damages of Plaintiffs include independent liability for negligently screening and hiring David Anthony Lewis, who was a registered sex offender for having previous indecent behavior with a child.  Hiring a registered sex offender as a corrections officer at a juvenile detention facility, which allows the sex offender, under color of authority, to have control over minors constitutes a failure to act as a reasonably prudent operator and manager of a juvenile detention facility, and was a proximate cause of the injuries and damages of Plaintiffs.

4.5    GEO's acts of negligence that proximately caused the injuries and damages of Plaintiffs include independent liability for negligently retaining and failing to terminate David Anthony Lewis. Even after GEO hired a registered sex offender to act in positions of authority over incarcerated minors, it knew or should have known of his improper conduct with the minors, including physical, sexual, and psychological abuse, and should have terminated him from his position. GEO's negligence in retaining and failing to terminate David Anthony Lewis was a proximate cause of the injuries and damages of Plaintiffs.

4.6    GEO's acts of negligence that proximately caused the injuries and damages of Plaintiffs include independent liability for negligently supervising David Anthony Lewis, a registered sex offender. After GEO hired a registered sex offender to act in positions of authority over incarcerated minors, it knew or should have known that without proper supervision he would likely cause physical, sexual, and/or psychological abuse of the incarcerated minors, yet failed to act a as a reasonably prudent operator and manager of a juvenile detention facility in supervising its registered sex offender employees, and was a proximate cause of the injuries and damages of Plaintiffs.

4.7    GEO's acts of negligence that proximately caused the injuries and damages of Plaintiffs include independent liability for undertaking a duty to rehabilitate, care for, supervise, guide, watch over, and correct incarcerated minors, and failing to perform these tasks as would a reasonably prudent operator and manager of a juvenile detention facility, which increased the risk of harm to others, and proximately caused the injuries and damages of Plaintiffs.

## V.
## GROSS NEGLIGENCE

5.1     In support of the claims of gross negligence, Plaintiffs adopt by reference all factual allegations and statements made in Section III, above.

5.2     GEO committed gross negligence, which was a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages.

5.3     In addition to the gross negligence committed independently by GEO, Defendant GEO is also liable for the gross negligence committed by its employee and/or agent David Anthony Lewis, because he was unfit and GEO acted with malice in employing and/or retaining him, GEO authorized the doing and the manner of his conduct, and/or GEO ratified or approved his conduct.

## VI.
## VIOLATION OF CONSTITUTIONAL RIGHTS – CLAIMS UNDER 42 U.S.C. §1983

6.1     In support of the claims for violation of constitutional rights arising under 42 U.S.C. §1983, Plaintiffs adopt by reference all factual allegations and statements made in Section III, above.

6.2     At all times pertinent to this action, Defendant GEO and its agent and/or employees were acting under color of state law.  The authority GEO and its employees, agents, and officers had over Plaintiffs arose because of their authorization from the State of Texas to operate and manage the juvenile correction facility, clothing them with the authority of the State that ordered the incarceration of these Plaintiffs.

6.3     The conduct of Defendant GEO and its agent and/or employees violated Plaintiffs' constitutional rights, including their constitutional rights to be free from cruel and unusual punishment, their constitutional rights to be free from excessive force, their

constitutional rights to due process, their constitutional rights to freedom, and their constitutional rights to privacy.

6.4     Defendants GEO's conduct in screening and hiring a registered sex offender to supervise minors, supervision of this sex offender, and retention of this sex offender caused the violation of Plaintiffs' constitutional rights.

6.5     Defendant GEO's conduct violated Plaintiffs' constitutional rights through unconstitutional official policies or customs and/or through policies or customs that were implemented with deliberate indifference to a known and obvious consequence that constitutional violations would result.

6.6     Defendant GEO's unconstitutional policies and/or unconstitutional implementation of its policies and/or customs were a direct causal link to Plaintiffs' deprivation of their constitutional rights.

## DAMAGES

### VII.
#### COMPENSATORY DAMAGES

7.1     Plaintiffs seeks compensatory damages arising from the wrongful conduct of Defendant GEO and its agent, representative, and/or employee David Andrew Lewis, including physical pain and suffering, mental anguish, psychiatric and medical expenses, and lost earning capacity, all of which occurred in the past and in reasonable probability will occur in the future.

### VIII.
#### PUNITIVE DAMAGES

8.1     Because GEO is guilty of gross negligence, it should have punitive damages assessed against it in an amount deemed appropriate by the jury.

8.2    The recovery of punitive damages should not be limited pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code, because the award of punitive damages arises out of conduct described as a felony under the Texas Penal Code and committed knowingly or intentionally, including Section 22.011 (sexual assault).

## IX.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1    Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## X.
### CONDITIONS PRECEDENT

10.1    All conditions precedent to Plaintiffs' rights to recover herein and to Defendant's liability have been performed or have occurred.

## XI.
### JURY DEMAND

11.1    Plaintiffs request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant be cited to appear and answer herein, this cause be set down for trial before a jury, and Plaintiffs recover judgment of and from Defendant for their actual and exemplary damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be entitled, whether at law or in equity.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.

By: _____

GREGORY L. GOWAN
Texas Bar No. 00795384

MIKAL C. WATTS
Texas Bar No. 20981820

DAVID L. JONES
Texas Bar No. 24002370

555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Phone:  (361) 887-0500
Fax:      (361) 887-0055

F. Bady Sassin
Texas Bar No. 00788357

Robert L. Crill
Texas Bar No. 05079700

**SASSIN LAW FIRM**
Founders Square
900 Jackson Street, Suite 330
Dallas, Texas 75202
Phone:  (214) 651-8100
Fax:      (214) 651-8116

ATTORNEYS FOR PLAINTIFFS